UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDMUND F BALL III,

           Petitioner,

  v.

RON HAYNES,

           Respondent.

Case No. C19-5135-RBL-TLF

REPORT AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for **April 19, 2019**

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis*. Dkt. 1. Because plaintiff's application indicates he has sufficient income with which to pay the $5.00 filing fee, the undersigned recommends that the Court deny the application.

DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). Yet IFP status is a privilege not a right, and the district court has discretion to deny such status. *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). The privilege of proceeding with a cause of action IFP should be permitted "only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court has

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 1

1  broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314
2  F.2d 598 (9th Cir. 1963).
3        By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government
4  to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with
5  his cause of action. Petitioner's prison trust account statement shows he has average monthly
6  receipts of $236.72 and an average spendable balance of $103.20. Dkt. 4. Given that the filing
7  fee for *habeas corpus* petitions is $5.00, petitioner has sufficient funds in his prison trust account
8  to pay that fee.
9        The Court also notes that petitioner's IFP application is also deficient in that he has failed
10 sign the supporting declaration under penalty of perjury. *See* Dkt. 1, at 2. Accordingly, in the
11 event the Court declines to adopt the undersigned's recommendation that petitioner's IFP
12 application be denied because he has sufficient funds to pay the filing fee, the undersigned
13 recommends the application otherwise be denied as deficient due to petitioner's failure to sign
14 the supporting declaration and that petitioner be required to submit a signed declaration in
15 support of his application.

## CONCLUSION

17       Because it is reasonable for plaintiff to incur the costs to proceed with this cause of
18 action, the undersigned recommends that the court deny his application to proceed *in forma*
19 *pauperis*. Accordingly, the undersigned also recommends that the Court order plaintiff to pay the
20 required filing fee **within thirty (30) days** of the Court's order. Furthermore, in the event the
21 Court declines to adopt the recommendation that petitioner be required to pay the filing fee, the
22 undersigned recommends the IFP application be denied as deficient for lack of a signed
23 declaration, and that petitioner be required to re-submit a properly signed declaration supporting
24 his IFP application.

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 2

1   The parties have **fourteen (14) days** from service of this Report and Recommendation to
2   file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP)
3   72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for
4   purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed
5   by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **April 19, 2019**,
6   as noted in the caption.

Dated this 1st day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 3