UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDMUND F BALL III,

                Petitioner,

    v.

RON HAYNES,

                Respondent.

Case No. C19-5135 RBL-TLF

ORDER DENYING MOTION TO COMPEL

This matter comes before the Court on Petitioner Edmund F. Ball's motion to compel disclosure of sentencing transcripts. For the reasons described below, the motion will be denied.

Petitioner Ball seeks habeas relief from his incarceration at Stafford Creek Corrections Center in Aberdeen, Washington. Three of the four grounds of his habeas petition rest on the factual claim that he was never informed during the plea bargaining and sentencing process, that he would be subject to a mandatory minimum sentence for each of the charges to which he pled guilty. Dkt 10, at 6-9. To this end, petitioner asserts that he was denied effective assistance of counsel, that his guilty plea was neither knowing, voluntary, nor intelligent, and that the sentencing judge failed to explain the consequences of mandatory minimums.

Petitioner indicates that he attempted to obtain the relevant state records that would support this claim. Dkt. 10-1 at 70. Prior to filing this petition, petitioner requested records of his 2001 sentencing hearing from the sentencing Court, as well as the state Attorney General's office. According to the letters petitioner has included, neither were able to find such records in

ORDER DENYING MOTION TO COMPEL - 1

either the court reporter's records or the Attorney General's Public Records office. Dkt. 10-1, at 57-58. Petitioner maintains that the transcripts of his sentencing hearing are imperative to provide the necessary evidence of his grounds for relief. He brings the instant motion to compel the Court to provide these transcripts, under the theory that all court documents must be publicly accessible. Dkt. 13 at 1.

In a petition challenging the sufficiency of the evidence adduced in the State courts regarding a factual issue against an applicant, where "the applicant, because of indigency or other reason is unable to produce such [pertinent] part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so..." 28 U.S.C. § 2254(f). Under 28 U.S.C. § 2254, Rule 5(c), when submitting the answer to the habeas corpus petition, the respondent must "indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed." If the Court determines that other parts of the record should be furnished, the Court may order the respondent to do so. *Id.*

In this case, the State has responded that counsel attempted to find petitioner's direct appeal and sentencing records with the Washington Court of Appeals. Dkt. 15 at 1. According to respondent, the Court of Appeals clerk stated that these records no longer exist, because they have been destroyed. *Id.*, at 6.

Based on respondent's representations, the records that petitioner seeks ceased to exist sometime in the years since his sentencing and conviction, and therefore they cannot be produced. The Court finds that under the existing facts and circumstances, the petitioner's motion to compel the disclosure of the requested documents should be denied.

While the Court has authority to compel the respondent to produce the state court record,

if records are no longer in existence, the respondent cannot be ordered to do the impossible. *Pruitt v. Hutto,* 574 F.2d 956, 957-58 (8th Cir. 1978) (per curiam). After the respondent files the answer, and the parties brief the issues in this case, if the Court determines that the missing records of the state court proceedings are critical to the resolution of petitioner's case, then the Court may potentially order an evidentiary hearing. *See generally, Dalton v. Battaglia,* 402 F.3d 729 (7th Cir. 2005).

Accordingly, petitioner's Motion is DENIED.

Dated this 7th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge