UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDMUND F. BALL III,<br><br>               Petitioner,<br>    v.<br><br>RON HAYNES,<br><br>               Respondent. | Case No. 3:19-cv-05135-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>September 10, 2020</u> |

This matter comes before the Court on petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his conviction for the crimes of kidnapping first degree (three counts), rape in the first degree (two counts) and intimidating a witness (two counts). Dkt. 19-1: Ex. 1, at 2-14, Ex. 17 at 216-271, Ex. 18 at 272-78, Judgment and Sentence, Spokane County Cause No. 00-1-02575-1 (August 30, 2001), Ex. 19 at 306-07 (Order clarifying sentence, September 27, 2001), and accompanying state court records. Petitioner presents four grounds for federal habeas corpus relief: (1) ineffective assistance of counsel; (2) guilty plea was not made in a knowing, intelligent and voluntary manner because petitioner was not aware of mandatory minimum sentences and consecutive terms on those mandatory minimum sentences; (3) at sentencing, petitioner was not informed of the mandatory minimum sentences or consecutive terms on those mandatory minimum sentences; and (4) neither the trial court, nor the prosecuting attorney, informed petitioner there was a difference between "same criminal conduct" and "merger" and did not notify petitioner of

REPORT AND RECOMMENDATION - 1

a material change to the judgment and sentence. In addition, petitioner has requested an evidentiary hearing in this matter.[1]

For the reasons set forth below, the undersigned recommends that the request for an evidentiary hearing be DENIED, and that the petition be DISMISSED because it was not filed within the one-year statute of limitations under 28 U.S.C. § 2244(d). Also, for the reasons set forth below, the undersigned recommends that issuance of the certificate of appealability (COA) be DENIED.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations for petitions filed by prisoner challenging their custody under a state court judgment and sentence. 28 U.S.C. § 2244(d)(1). This one-year limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Although the respondent asserts (Dkt. 18 at 2-3) that much of the record in Spokane Superior Court and in the Washington State Court of Appeals Division III has been destroyed, there are documents filed by the State of some of the trial court proceedings. Dkt. 19-1, Ex. 17 at 179, 216-267.

REPORT AND RECOMMENDATION - 2

28 U.S.C. § 2244(d)(1)(A)-(D).

If a petitioner does not seek direct review – of an unfavorable decision on the direct appeal of petitioner's conviction in state courts – on a petition for certiorari to the United States Supreme Court, the petitioner's judgment is considered "final" for AEDPA's statute of limitations when the time for pursuing direct review in the state court, or Supreme Court, expires. *Gonzalez v. Thaler,* 565 U.S. 134, 149-150 (2012).

Petitioner filed the federal habeas corpus petition in this case on May 7, 2019. Dkt. 10. Mr. Ball's deadline for filing a timely federal habeas corpus petition under AEDPA's 1-year statute of limitations, was August 27, 2003, calculated as follows.

After losing his direct appeal in the Washington State Court of Appeals Division III, petitioner did not file a petition for review to the Washington Supreme Court (consequently, nor did he file a petition for certiorari). Dkt. 19-1 at 28, Washington Courts-Search Case Records concerning direct appeal, *In re Ball,* Washington Court of Appeals, Division III, Cause No. 21780-9-III. His direct appeal was a final judgment of the state Court of Appeals on April 29, 2002 when the Court of Appeals denied his timely motion to modify. Dkt. 19-1, Ex 3 at 21.

His conviction became final on May 29, 2002, because the time for seeking review to the Washington Supreme Court expired on that date. *See Gonzalez,* 565 U.S. at 150; Wash. R. App. P. 13.4(a). The AEDPA statute of limitations was subject to tolling during the time when petitioner "properly filed [an] application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The collateral review petition submitted by Mr. Ball was a personal restraint petition, filed on February 10, 2003. Dkt. 19-1, Ex. 5 at 28. Therefore, the time period of May 29, 2002 – February 10,

1  2003 (250 days) is counted as part of the one-year AEDPA statute of limitations, but the
2  time period that the PRP was pending would be excluded, because of tolling during the
3  pendency of the PRP. 28 U.S.C. § 2244(d)(2).
4      The PRP was dismissed by the Washington State Court of Appeals on April 2,
5  2003, and on May 2, 2003 the time period for filing a motion for discretionary review to
6  the Washington Supreme Court ran out. Dkt. 19-1, Ex. 6, at 32, Washington Courts-
7  Search Case Records, *In re Ball,* Washington Supreme Court Cause No. 73925-1. The
8  Court of Appeals' dismissal of his PRP was final on April 2, 2003 and petitioner's time
9  for filing a motion for discretionary review to the Washington Supreme Court had
10 expired on May 2, 2003. Dkt. 19-1, Ex. 3 at 20-21. Wash. R. App. P. 13.5(a), 13.5(A)(c),
11 16.4(c). Petitioner had 115 days remaining on the one-year AEDPA time limit; starting
12 on May 2, 2003 that 115-day limit was triggered and his last date to file a federal
13 habeas corpus petition within the one-year AEDPA statute of limitations would have
14 been on August 27, 2003.
15     Petitioner filed three more collateral review petitions in state courts, but all of
16 them were dismissed as untimely. Dkt. 19-1: Ex 2 at 16-18, Ex. 7-10 at 35-69 (PRP filed
17 in May 2009); Ex. 11-16 at 70-178 (motion to vacate/PRP filed in November 2015); Ex.
18 17-22 at 179-349 (motion to vacate/PRP filed in January 2018). RCW 10.73.090(1).
19 None of these petitions affected the analysis of the one-year AEDPA statute of
20 limitations; these state post-conviction collateral relief petitions were dismissed as
21 untimely and thus were not properly filed, *Pace v. DiGuglielmo,* 544 U.S. 408, 417
22 (2005); *Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir. 2007), and could not have tolled
23 the statute of limitations because it had already run. *Ferguson v. Palmateer,* 321 F.3d

REPORT AND RECOMMENDATION - 4

1  820, 823 (9th Cir. 2003). A collateral attack petition filed in state court after the federal

2  AEDPA one-year statute of limitations has run does not re-start the statute of limitations.

3  *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001).

4        There is an exception to the AEDPA statute of limitations – if a petitioner

5  produces sufficient proof of actual innocence, then otherwise time-barred habeas

6  corpus claims may be reviewed by the federal district court on the merits. *McQuiggin v.*

7  *Perkins,* 569 U.S. 383, 392-99 (2013). To meet the burden of proof for this exception,

8  the petitioner must produce sufficient proof of his actual innocence to bring the case

9  "within the narrow class of cases . . . implicating a fundamental miscarriage of justice."

10  *Schlup v. Delo,* 513 U.S. 298, 314-15 (1995); *Lee v. Lampert,* 653 F.3d 929, 932 (9th

11  Cir. 2011).

12        A petitioner claiming actual innocence must "show that it is more likely than not

13  that no reasonable juror would have convicted him in light of the new evidence." *Schlup,*

14  513 U.S. at 327. Actual innocence does not mean legal insufficiency; it means factual

15  innocence. *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). A petitioner may

16  attack a guilty plea on collateral review only in strictly limited situations, because the

17  interest in finality "has special force with respect to convictions based on guilty pleas."

18  *Id.,* at 621.

19        In this case, petitioner has not alleged new evidence that would support any

20  claim of actual innocence. Dkt. 10, Dkt. 20. His claims pertain to whether proceedings

21  under which he pled guilty were consistent with his right to effective assistance of

22  counsel, and whether his right to plead guilty in a knowing, intelligent, and voluntary

23  manner was violated, and a challenge to both the sentencing, and a change to the

24

25

REPORT AND RECOMMENDATION - 5

judgment and sentence, imposed by the Spokane County Superior Court in his case. There is no basis for the actual innocence exception to be applied. *See, McQuiggin v. Perkins,* 569 U.S. 383, 392, 399 (2013) (exception would only apply if petitioner shows that a miscarriage of justice occurred, based on facts that "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").

Petitioner has not shown any basis for an evidentiary hearing. An evidentiary hearing, "is required when the petitioner's allegations, if proven, would establish the right to relief," but it "is *not* required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (emphasis in the original); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Totten*, 137 F.3d at 1176; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (an evidentiary hearing is not required if the motion, files and records of the case conclusively show petitioner is entitled to no relief).

Here, "[t]here is no indication from the arguments presented" by petitioner "that an evidentiary hearing would in any way shed new light on the" grounds for relief raised in his petition. *Totten*, 137 F.2d at 1177.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254

REPORT AND RECOMMENDATION - 6

Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **September 10, 2020**, as noted in the caption.

Dated this 19th day of August, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8